Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ervin Williams,<br><br>Plaintiff,<br><br>v.<br><br>Chapman Chevrolet Chandler, L.L.C.,<br><br>Defendant. | **ORIGINAL COMPLAINT (JURY REQUESTED)** |

Plaintiff Ervin Williams, by and through undersigned counsel, seeks relief in this Original Complaint against Defendant Chapman Chevrolet Chandler, L.L.C. as follows:

**THE PARTIES**

1. Plaintiff Ervin Williams is a resident of Maricopa County, Arizona, and, at all relevant times in this Complaint, an "employee" of Chapman Chevrolet Chandler, L.L.C. within the meaning of the relevant statutes cited herein.

2. The Defendant Chapman Chevrolet Chandler, L.L.C. is a company registered to do business and/or doing business in the state of Arizona under the trade name "Freeway Chevrolet" (herein "Freeway Chevrolet"). All acts alleged in this Complaint occurred in Maricopa County, Arizona.

3. Freeway Chevrolet was an "employer" of Plaintiff within the meaning and purposes of Title VII, 42 U.S.C. § 2000e, *et seq.*, at all times material to this action.

4. At all times pertinent to this Complaint, Defendant's managerial employees were acting within the course and scope of their employment with Defendant; and as a result thereof, Defendant are responsible and liability is imputed for the acts and omissions of their managerial



employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

**JURISDICTION AND VENUE**

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 & 1343.

6. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.

7. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

**ALLEGATIONS COMMON TO ALL CLAIMS**

8. Defendant Freeway Chevrolet operates a car dealership in Chandler, Arizona

9. Freeway Chevrolet hired Mr. Williams on or about April 25, 2017 as an Assistant Sales Manager.

10. Mr. Williams is a Christian with orthodox beliefs, including the sincerely belief that church attendance on Sundays with other Christians is a core tenet of his faith.

11. Originally when hired, Mr. Williams informed the General Manager Mike Cook that he was a Christian and needed to attend church on Sundays.

12. Mr. Cook informed Mr. Williams that he would have two Sundays off each month to go to church.

13. However, Mr. Williams was immediately scheduled by Freeway Chevrolet for only one Sunday off in April.

14. He informed his direct supervisor Sales Manager Dave Grossman that Mr. Cook had promised two Sundays off per month to attend church.

15. Mr. Grossman instead suggested that Mr. Williams simply come to work after attending church on Sundays, which would have him arrive approximately just one hour late for a regularly scheduled shift.

16. Mr. Williams agreed to this arrangement gladly.

17. On April 30, 2017, the first Sunday under this arrangement, Mr. Grossman texted Mr. Williams at 10:47 a.m. to ask where he was.

18. Mr. Williams responded at 10:48 that he was on his way and had just walked out of

church.

19. Mr. Williams arrived at Freeway Chevrolet at approximately 11 a.m. and worked his shift.

20. After learning of Mr. Williams' religious beliefs, Mr. Cook and others at Freeway Chevrolet made frequent comments that his beliefs were "weird" and reflective of Mr. Williams "not being a team player."

21. Finally, on May 1, 2017, Mr. Cook, in the presence of Mr. Grossman, took Mr. Williams aside and informed him that he needed to choose between his work or his church.

22. Mr. Williams asked whether Mr. Cook was really asking him to give up his religious beliefs?

23. Mr. Cook responded and said "you can't do both; you'll have to choose."

24. Mr. Williams said he was not going to stop going to church.

25. Mr. Cook responded and said "well, then you're done here; give me your keys."

**Administrative Remedy Exhaustion**

26. On June 8, 2017, Mr. Williams dual-filed a charge of discrimination with the EEOC and the Arizona Attorney General's Civil Rights Division. A true and correct copy of that document is attached hereto as Exhibit A.

27. The EEOC investigated the charge, and issued a Letter of Determination in his favor on February 5, 2021. A true and correct copy of that document is attached hereto as Exhibit B.

28. The EEOC issued a notice of suit rights to Mr. Williams dated February 26, 2021. A true and correct copy of that document is attached hereto as Exhibit C.

29. This Complaint is brought prior to 90 days from the date Mr. Williams received the notice of suit rights.

30. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

**FIRST CAUSE OF ACTION – TITLE VII DISCRIMINATION**

31. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

32. Plaintiff holds sincere Christian beliefs, of which beliefs Defendant was aware.

33. Neither Plaintiff's beliefs nor the actions he took upon those beliefs caused a



disruption in the workplace.

34. Yet, Plaintiff's beliefs and his actions taken on those beliefs, were the direct cause of his termination.

35. Defendant could have easily accommodated Plaintiff's religious beliefs without undue burden or expense.

36. As determined by the EEOC, Defendant constructively discharged Plaintiff for his religious beliefs and actions taken on those beliefs and failed to accommodate those beliefs and actions in violation of Title VII.

37. Additionally, Defendant created a hostile work environment for Plaintiff by frequent comments about his religious beliefs and requested accommodation such that the terms and conditions of his employment were altered.

38. The persons who engaged in discrimination and failed to accommodate Plaintiff were supervisory employees of Defendant with immediate and ultimate authority over Plaintiff.

39. Defendant has thus engaged in direct discrimination against Plaintiff in violation of Title VII.

40. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has further sustained damages in the form of emotional distress.

42. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

**SECOND CAUSE OF ACTION – TITLE VII RETALIATION**

43. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

44. Plaintiff engaged in protected activity by requesting an accommodation for his religious beliefs.

45. Defendant took adverse action against Plaintiff because of his request for accommodation. That is, but for Plaintiff's protected activity, he would not have experienced the



adverse action.

46. Defendant's adverse action violated Title VII's anti-retaliation provisions.

47. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has further sustained damages in the form of emotional distress.

49. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

## JURY TRIAL DEMANDED

50. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal law;

B. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

C. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment, and make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, back pay, front pay, pension, and other lost benefits;

D. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury.

E. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein.

F. Granting such other and further relief as this Court deems necessary and proper.



Respectfully submitted on this 23rd day of April, 2021,

JOSHUA CARDEN LAW FIRM, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff Ervin Williams*

